IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANNIE G. WEAVER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No. 16-cv-04907-MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AFFORDING PLAINTIFF LIMITED LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**

Re: Dkt. No. 7

    Before the Court is the "Motion to Dismiss the Complaint," jointly filed September 1, 2015, by defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of New York Mellon ("BNYM"), in which defendant NDeX West, LLC ("NDeX") has joined. Plaintiff Annie G. Weaver ("Weaver") has filed opposition, to which Wells Fargo and BNYM have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    1. Count I, titled "Wrongful Foreclosure," is subject to dismissal without leave to amend. The claim is based on the theory that, at the time Wells Fargo foreclosed on Weaver's real property, it held no interest in Weaver's loan, because Wells Fargo's predecessor in interest had "securitized substantially all of its residential mortgage loans," including Weaver's loan, by "sell[ing]" the loans to a trust that operated as a "real estate

---

[1] By order filed October 31, 2016, the Court took the matter under submission.

1  mortgage investment conduit ('REMIC')" and receiving in return from the trust "securities certificates." (See Compl. ¶¶ 11, 13-15, 25.)  Said claim, however, fails as a matter of law, as securitization "merely creates a separate contract, distinct from plaintiff's debt obligations under the note, and does not change the relationship of the parties in any way."  See Logvinov v. Wells Fargo Bank, 2011 WL 6140995, at *3 (N.D. Cal. December 9, 2011) (internal quotation, alteration and citation omitted).  Consequently, "[t]he argument that parties lose their interest in a loan when it is assigned to a trust pool or REMIC has been rejected by numerous courts."  See id. (citing cases); Lane v. Vitek Real Estate Industries Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010 (same) (citing cases); see also Permito v. Wells Fargo Bank, N.A., 2012 WL 1380322, at *5 (N.D. April 20, 2012) (rejecting "as a matter of law" argument that beneficiary "loses its interest in a deed of trust when the loan is securitized and sold on the secondary market").[2]

2. Count II, titled "Violation of Cal. Fair Employment and Housing Act," is subject to dismissal, with leave to amend.  The claim is based on the theory that, in 2007, Wells Fargo's predecessor "placed [Weaver] in the insidious, pick-a-pay mortgage," rather than in a "conventional mortgage" (see Compl. ¶ 45), and that such placement constituted "discrimination" on the basis of marital status, race, gender and/or age (see Compl. ¶¶ 43) (identifying Weaver as "a single black woman" who was "sixty-six" years of age in 2007).  Weaver, however, fails to allege facts to support her conclusory assertion that said placement constituted discrimination.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions").  Moreover, the complaint was filed more than two years after 2007 and fails to include any factual allegations to support an exception to the statute of limitations, such as equitable tolling.  See Cal. Gov. Code § 12989.1 (providing

---

[2] Weaver also alleges that "the securitization of [Weaver's] mortgage failed." (See Compl. ¶ 18.)  Weaver fails to explain how such allegation supports her claim.  In any event, the securitization, whether successful or not, has no bearing on Weaver's obligations to Wells Fargo.  See Logvinov, 2011 WL 6140995, at *3; Lane, 713 F. Supp. 2d at 1099.

2

"aggrieved person may commence a civil action in an appropriate court not later than two years after the occurrence or the termination of an alleged discriminatory housing practice"); Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988) (holding that "to invoke the benefit of tolling, the plaintiff must allege facts that, if believed, would provide a basis for tolling").

3. Count III, titled "Unjust Enrichment," is subject to dismissal without leave to amend for the reasons stated above with respect to Count I, as the claim is based on the theory that Wells Fargo, as a result of the above-referenced securitization, does not have an interest in Weaver's loan. (See Compl. ¶¶ 52, 56.)

4. Count IV, titled "Violation of Cal. Civil Code Sections 2923.6(c), (d) and (e)," is subject to dismissal, with leave to amend. The claim is based on the theory that, at the time of the foreclosure, Weaver, through a "third party," was in "[n]egotiations" with Wells Fargo to modify her loan. (See Compl. ¶ 62.) Weaver, however, fails to allege that, prior to the foreclosure, she or a third party acting on her behalf had submitted to Wells Fargo "a complete application for a first lien loan modification." See Cal. Civ. Code § 2923.6(c) (prohibiting foreclosure "while [a] complete first lien loan modification application is pending"); Cal. Civ. Code §§ 2923.6(d), (e) (setting forth restrictions as to timing of foreclosure where loan modification application has been denied).

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, as follows:

1. Counts I and III are DISMISSED without leave to amend; and

2. Counts II and IV are DISMISSED with leave to amend. Should Weaver wish to file a First Amended Complaint, Weaver shall file such pleading no later than November 18, 2016.

//

//

//

1  In light of the above, the Case Management Conference is hereby CONTINUED
2  from December 2, 2016, to January 27, 2017, at 10:30 a.m.  A Joint Case Management
3  Statement shall be filed no later than January 20, 2017.
4  **IT IS SO ORDERED.**

6  Dated: November 1, 2016
                                                MAXINE M. CHESNEY
7                                                    United States District Judge

United States District Court
Northern District of California

4