IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE G. WEAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No. 16-cv-04907-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 35 |

Before the Court is the "Motion to Dismiss the First Amended Complaint," filed December 2, 2016, by defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1] Plaintiff Annie G. Weaver ("Weaver") has filed opposition, to which Wells Fargo has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

By order filed November 1, 2016, the Court dismissed Weaver's initial complaint in its entirety and granted Weaver leave to amend to allege sufficient facts to support two of her four causes of action. Thereafter, on November 18, 2016, Weaver filed her First Amended Complaint ("FAC"). By the instant motion, Wells Fargo argues Weaver has failed to cure the deficiencies previously identified by the Court. As set forth below, the Court agrees.

In Count I of the FAC, titled "Violation of Cal. Fair Employment and Housing Act,"

---

[1] The motion is also filed on behalf of Bank of New York Mellon ("BNYM"). The operative complaint, however, includes no claims against BNYM.

[2] By order filed January 20, 2017, the Court took the matter under submission.

Weaver's claim is based on the theory that, in 2007, "Wells Fargo defendants deliberately, fraudulently and maliciously placed [Weaver], a black woman living in Oakland, in a high-cost subprime loan, precisely because she is a member of a minority group Wells Fargo targeted for subprime 'ghetto' loans." (See FAC ¶ 22.) The Court previously dismissed the claim as pleaded in Weaver's initial complaint for two reasons: (1) Weaver's failure to "include any factual allegations to support an exception to the [two-year] statute of limitations, such as equitable tolling" (see Order, filed Nov. 1, 2016, at 2:23-24), and (2) Weaver's failure to include "facts to support [her] conclusory assertion that . . . placement [into such loan] constituted discrimination" (see id. at 2:19-20).

In her FAC, Weaver now alleges she "did not learn that Wells Fargo's discriminatory actions constituted a violation of her civil rights and property rights until her daughter hired a forensic mortgage loan auditor and lawyer earlier this year." (See FAC ¶ 33.)[3] Without an additional showing, however, such allegations do not suffice to support tolling of the statute of limitations. See, e.g., Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807-08 (2005) (holding discovery rule "only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action"; further holding plaintiff "must specifically plead facts to show . . . the inability to have made earlier discovery despite reasonable diligence") (internal quotation and citation omitted).

Moreover, Weaver has added no new allegations sufficient to support an inference of discrimination. In particular, the new allegations to which she cites (see FAC ¶¶ 26-27) as well as the earlier allegations on which she relies (see id. at 3:6-4:5; id. ¶¶ 22-25) all pertain to Wells Fargo, whereas the lender with whom she alleges she negotiated the subject loan in 2007 was not Wells Fargo, but World Savings Bank FSB, a "predecessor-in-interest" (see id. at 2:2-9; id. ¶¶ 4-7, 24).

---

[3] Weaver's initial complaint was filed August 25, 2016, and, as noted above, the FAC was filed November 18, 2016.

Accordingly, Count I is subject to dismissal.

In Count II of the FAC, titled "Violation of Cal. Civil Code Sections 2923.6(c), (d) and (e)," Weaver's claim is based on the theory that "Wells Fargo sold [her] home in foreclosure" while her "application for a loan modification was pending." (See FAC ¶ 37.) The Court previously dismissed the claim as pleaded in Weaver's initial complaint, for the reason that Weaver had failed to allege that she had submitted a "complete application for a first lien loan modification" prior to the foreclosure. (See Order, filed Nov. 1, 2016, at 3:13-15.) In her FAC, Weaver now alleges her "complete loan modification package was under review" at the time of foreclosure. (See FAC ¶ 37). Without more, Weaver's addition of the conclusory term "complete" is insufficient. See Cal. Civ. Code § 2923.6(h) (providing application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer"); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding complaint subject to dismissal where it lacks "sufficient factual matter" to support its "legal conclusions").

In her opposition, Weaver makes reference to various supporting facts, specifically, that "Wells Fargo had not denied her . . . application on the ground of incompleteness or for any other reason," had not "asked [her] for additional information at the time of the sale," and had postponed "scheduled foreclosure sales . . . four times while the review of her application was pending." (See Opp. at 8:11-14.) Those facts, however, do not appear in the FAC.

Accordingly, Count II is subject to dismissal.

Although Wells Fargo seeks dismissal without leave to amend, the Court will again afford Weaver an opportunity to amend to cure, if she can do so, the deficiencies noted above. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1990) (holding leave to amend "should be granted if it appears at all possible that the plaintiff can correct the defect") (internal quotation and citation omitted).

//

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and Counts I and II are hereby DISMISSED with leave to amend.  Should Weaver wish to file a Second Amended Complaint, she shall file such pleading no later than March 13, 2017.

In light of the above, the Case Management Conference is hereby CONTINUED from March 3, 2017, to April 21, 2017, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than April 14, 2017.

**IT IS SO ORDERED.**

Dated: February 24, 2017

MAXINE M. CHESNEY
United States District Judge