IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE G. WEAVER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 16-cv-04907-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 52 |

Before the Court is the "Motion to Dismiss the Second Amended Complaint," filed March 27, 2017, by defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1] Plaintiff Annie G. Weaver ("Weaver") has filed opposition, to which Wells Fargo has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

By order filed November 1, 2016, the Court dismissed Weaver's initial complaint in its entirety and granted Weaver leave to amend to allege sufficient facts to support two of her four causes of action. On November 18, 2016, Weaver filed her First Amended Complaint ("FAC"), which the Court, by order filed February 24, 2017, dismissed in its entirety, again granting Weaver leave to amend to allege sufficient facts to support her two remaining causes of action. Thereafter, on March 13, 2017, Weaver filed her Second Amended Complaint ("SAC"). By the instant motion, Wells Fargo argues Weaver has

---

[1] The motion is also filed on behalf of Bank of New York Mellon ("BNYM"). The operative complaint, however, includes no claims against BNYM.

[2] By order filed May 9, 2017, the Court took the matter under submission.

failed to cure the deficiencies previously identified by the Court. The Court addresses each cause of action in turn.

**A. Count I**

In Count I of the SAC, titled "Violation of Cal. Fair Employment and Housing Act," Weaver's claim is based on the theory that, in 2007, "Wells Fargo defendants deliberately, fraudulently and maliciously placed [Weaver], a black woman living in Oakland, in a high-cost subprime loan, precisely because she is a member of a minority group Wells Fargo targeted for subprime 'ghetto' loans." (See SAC ¶ 21.) The Court previously dismissed the claim as pleaded in Weaver's FAC for two reasons: (1) Weaver's failure to allege facts "to support tolling of the statute of limitations," (see Order, filed Feb. 24, 2017, at 2:14-15),[3] and (2) Weaver's failure to include "allegations sufficient to support an inference of discrimination" (see id. at 2:20-21).

As to tolling, Weaver previously alleged she "did not learn that Wells Fargo's discriminatory actions constituted a violation of her civil rights and property rights until her daughter hired a forensic mortgage loan auditor and lawyer earlier this year" (see FAC ¶ 33),[4] an allegation which, as the Court noted in its prior order, did "not suffice to support tolling" (see Order, filed Feb. 24, 2017, at 2:14-15). In the SAC, Weaver has added an allegation that she did not question the legality of Wells Fargo's conduct until February 11, 2013, the date of the foreclosure sale on which Count II is based. That date, however, is beyond the two-year limitations period, and Weaver again has not pleaded "'facts to show . . . [an] inability to have made earlier discovery despite reasonable diligence,'" a failure the Court specifically identified in its prior order. (See id. at 2:17-19 (quoting Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807-08 (2005) (internal quotation and citation omitted)).) Nor has Weaver explained why she waited until "2015," more than two years after the date of her initial suspicion, to "hire[] a forensic mortgage

---

[3] There is no dispute that the applicable statute of limitations is two years.

[4] Weaver's initial complaint was filed June 13, 2016, and, as noted above, her FAC was filed November 18, 2016.

2

loan auditor" (see SAC ¶ 34), let alone what information she learned from the auditor as to her discrimination claim that she could not have discovered earlier despite reasonable diligence.

Moreover, even if Weaver had cured the above-discussed deficiency, her claim would fail. In support of her allegation that she was discriminatorily placed in a predatory loan, Weaver again relies on allegations that Wells Fargo, in making such loans, targeted minorities. (See SAC at 4:6-5:5, ¶¶ 21-25.) As previously noted by the Court, however, the lender with whom Weaver alleges she negotiated the subject loan is not Wells Fargo, but World Savings Bank FSP, a "predecessor-in-interest." (See id. at 3:2-10, id. ¶¶ 4-8, 23.) The allegations Weaver has added to the SAC have not cured that deficiency. Weaver's allegation that Wells Fargo "succeeded to the assets (and the liabilities) of World Savings" (see id. ¶ 6) is unavailing in the absence of facts showing World Savings discriminated against her prior to such succession. To the extent Weaver relies on the conduct of Wells Fargo itself, her allegations that said defendant refused to honor World Savings' promise to allow her to "refinance" (see id. ¶¶ 23, 26) and foreclosed while her loan modification application "was under review" (see id. ¶¶ 27-28) do not, irrespective of the alleged illegality of those actions, suffice to support her claim of discrimination.

Accordingly, Count I is again subject to dismissal, and, as Weaver has not identified any additional facts she could allege to cure the above-discussed deficiencies, such dismissal will be without further leave to amend.

**B. Count II**

In Count II of the SAC, titled "Violation of Cal. Civil Code Sections 2923.6(c), (d) and (e)," Weaver's claim is based on the theory that "Wells Fargo sold [her] home in foreclosure without any advance notice to her" while her "complete loan modification package was under review." (See SAC ¶ 38.) The Court previously dismissed the count as pleaded in the FAC, for the reason that Weaver failed to include facts to support her conclusory allegation that her loan modification package was "complete" at the time of

foreclosure. (See Order, filed Feb. 24, 2017, at 3:8-10.)[5] In the SAC, Weaver now pleads that, as of the time of the foreclosure sale, Wells Fargo "had not asked [her] to provide additional information for its review nor did it deny the application on the ground that it was incomplete or for any other reason," that Wells Fargo had "postponed the foreclosure sale of [her] property four times during the negotiations," and that when she asked Wells Fargo why her home was sold in foreclosure despite her pending application, "Wells Fargo told her only that the employee reviewing the application had been fired the day before the sale." (See SAC ¶ 38.) Weaver's new factual allegations are sufficient to support an inference that Wells Fargo, at the time of the foreclosure sale, considered Weaver's application complete. See Cal. Civ. Code § 2923.6(h) (providing application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer").

Accordingly, Count II is not subject to dismissal.

## CONCLUSION

For the reasons stated above, Wells Fargo's motion to dismiss is hereby GRANTED in part and DENIED in part as follows:

1. To the extent Wells Fargo seeks dismissal of Count I, the motion is GRANTED.

2. To the extent Wells Fargo seeks dismissal of Count II, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 31, 2017

MAXINE M. CHESNEY
United States District Judge

---

[5] Although not raised by Wells Fargo, either in the instant motion or earlier, the Court notes that Count II may be barred by the applicable statute of limitations, which, in this instance, appears to be three years. See Cal. Civ. Proc. Code § 338(a) (providing three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture"); see, e.g., Gonzalez ex re. Estate of Perez v. JP Morgan Chase Bank, N.A., No. C-14-2558 EMC, 2014 WL 5462550, at *4 (N.D. Cal. Oct. 28, 2014) (finding three-year statute of limitations applicable to claim alleging violation of Cal. Civ. Code § 2923.5).

4